# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-5245**                              **September Term, 2023**

**1:23-cv-02522-UNA**

**Filed On:** April 4, 2024

Danilo Augusto Feliciano, also known as
Danil Ezekiel Faust,

      Appellant

    v.

Merrick B. Garland, Attorney General of the
United States,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Rao, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's October 17, 2023 order dismissing the case for lack of jurisdiction be affirmed. As to appellant's request for a writ of mandamus, he has not identified any error in the district court's dismissal for lack of subject matter jurisdiction because he has failed to show that the Attorney General has a clear duty to act. See Illinois v. Ferriero, 60 F.4th 704, 715 (D.C. Cir. 2023); see also Heckler v. Chaney, 470 U.S. 821, 831-32, 838 (1985) (holding that a decision whether to institute enforcement proceedings is "generally committed to an agency's absolute discretion"). As to appellant's requests for relief under the Administrative Procedure Act and the Declaratory Judgment Act, appellant has failed to establish his standing to sue. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 573-74 (1992) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."); see also Lance v. Coffman, 549 U.S. 437, 442 (2007) (per curiam) (voters' allegations that state had not followed the Elections Clause did not amount to particularized injury).

# United States Court of Appeals

_____

**No. 23-5245**                                                    **September Term, 2023**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk